```
                                      UNITED STATES DISTRICT COURT
                                      SOUTHERN DISTRICT OF FLORIDA

                                      CASE NO.  06-14108-Civ-GRAHAM
                                      MAGISTRATE JUDGE P.A. WHITE

DONALD BALDWIN,                   :

        Petitioner,               :

v.                                :       REPORT OF
                                          MAGISTRATE JUDGE
WALTER A. McNEIL,                 :       ON REMAND

        Respondent.               :
_____
```

Donald Baldwin, a state prisoner currently confined at Everglades Correctional Institution,[1] filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 in March 2006, challenging the computation of his sentence following his violations of probation entered in case no. 90-16280 in the Thirteenth Judicial Circuit in Hillsborough County, Florida.[2] The case is presently before the Court upon remand from the Eleventh Circuit Court of Appeals.

Briefly, this federal habeas petition was originally filed in the United States District Court for the Middle District of Florida, and subsequently transferred to this Court by order entered on April 13, 2006. (DE#1).

A Report was entered first noting that the case appeared to

---

[1] See Florida Department of Corrections website located at www.dc.state.fl.us. As will be recalled, at the time of the filing of his habeas petition, the petitioner was confined at Avon Park Correctional Institution located in the Middle District of Florida. He has since been transferred to Everglades Correctional Institution. The petitioner is reminded that it is his obligation to notify this court of any change of address.

[2] This petition was originally filed in the United States District Court for the Middle District of Florida, Orlando Division, and was subsequently transferred to this Court by order entered on April 13, 2006. (DE#1).

have been erroneously transferred to this district because the institution whereat the petitioner was confined, Avon Park Correctional Institution, is physically located in Polk County, in the Middle District of Florida. However, for the sake of judicial economy, the claims raised in the federal petition were denied on the merits. On February 26, 2007, the district court adopted the Report and closed the case. The petitioner appealed, and the Eleventh Circuit thereafter vacated the denial pursuant to 28 U.S.C. §2241(d),[3] on the basis that the petition should be considered by the Middle District of Florida, the district whereat the petitioner was then currently confined and whereat the conviction was entered. The Eleventh Circuit remanded with instructions that the petition be transferred back to the Middle District of Florida. The Mandate from the appellate court, however, has not yet issued.

As of the filing of this Supplemental Report, it now appears that this court has jurisdiction over this petition because the petitioner is currently confined at Everglades Correctional Institution, a facility located in the Southern District of Florida. See 28 U.S.C. §2241(d); see also, See Hadjuk v. United

---

[3] In pertinent part §2241 states as follows:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for **the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him** and each of such district courts shall have **concurrent jurisdiction** to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

28 U.S.C. §2241(d)(emphasis added).

States, 764 F.2d 795, 796 (11th Cir. 1985)(A petition for a writ of habeas corpus may only be brought in the court having jurisdiction over the petitioner or his place of incarceration.). In its discretion, however, and in accordance with the Eleventh Circuit's remand instructions, the district court may transfer the petition back to the Middle District of Florida, which is the district wherein the petitioner was convicted and sentenced. To the extent the district court chooses to exercise jurisdiction over this matter, it is recommended that the undersigned's prior Report (DE#16) addressing the merits of the claims raised in this habeas petition, be incorporated by reference as if fully set forth herein.

For the foregoing reasons, it is recommended that upon issuance of the appellate court's mandate, the district court either transfer the petition back to the Middle District of Florida, which is the district wherein the petition was convicted and sentenced; or, exercise jurisdiction over the petition as the petitioner is currently confined in the Southern District of Florida, and deny the petition on the merits, for the reasons expressed by the undersigned in its prior Report.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated this 27th day of August, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Donald S. Baldwin, <u>Pro Se</u>
    DC #517206
    Everglades Correctional Institution
    P. O. Box 949000
    Miami, FL 33194-9000

    Daniel Burke, Ass't Gen'l Counsel
    Florida Department of Corrections
    2601 Blair Stone Road
    Tallahassee, FL 32399-2500